United States District Court
Southern District of Texas
**ENTERED**
December 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN DOUGLAS PELKO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00296 |
| | § | |
| DAVID STITH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DENY PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff John Douglas Pelko, appearing *pro* se and *in forma* pauperis, has filed this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff sues the following Defendants in this action: (1) Judge David Stith; (2) Sheriff J.C. Hooper; (3) the Nueces County Jail; and (4) the State of Texas DA. (D.E. 1, p. 1).

Plaintiff has filed a "Declaration for Entry of Default," which is construed as a motion for entry of default judgment against Defendants for their alleged failure to answer or otherwise respond to his original complaint in a timely manner. (D.E. 12). Federal Rule of Civil Procedure 55 provides in pertinent part that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).  "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

A plaintiff "is not entitled to a default judgment unless the defendants are properly served" and then failed to plead or defend against the action.  *See Jones v. Deveraux*, No. 1:10CV70, 2011 WL 4356724, at *1 (E.D. Tex. Aug. 4, 2011), *recommendation adopted*, 2011 WL 4356727 (E.D. Tex. Sep. 15, 2011) (citing *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999)).  Plaintiff, however, is not responsible for service under Federal Rule of Civil Procedure 4(c)(3) because he has been granted leave to proceed *in forma pauperis*.  *Id.*  The Court has withheld service of process on the named defendants because this action is under judicial screening.  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A (providing that, when a *pro se* plaintiff is proceeding *in forma pauperis*, the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief).

Accordingly, the undersigned respectfully recommends that Plaintiff's motion for entry of default judgment (D.E. 12) be **DENIED**.

Respectfully submitted on December 14, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).