United States District Court
Southern District of Texas
**ENTERED**
February 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN D PELKO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00296 |
| | § | |
| DAVID STITH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE**

Plaintiff John D. Pelko, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening and the reasons set forth below pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned respectfully recommends that

- Plaintiff's Fourth Amendment malicious prosecution claims against Sheriff J. C. Hooper be **DISMISSED without prejudice**;

- Plaintiff's various claims against Judge David Stith, Nueces County Assistant District Attorney Luis Reyes, and Sheriff J. C. Hooper – in connection with challenging the validity of his conviction and 20-year sentence in Case No. 21-FC-1523G – be **DISMISSED with prejudice** as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*; and

- Plaintiff's remaining claims against Defendants be **DISMISSED with prejudice** as frivolous, for failure to state a claim for relief, or on immunity grounds.

The undersigned further respectfully recommends that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I.   JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.   PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is confined as both a pretrial and post-trial detainee at the Nueces County Jail (ACDC) in Corpus Christi, Texas.  Plaintiff sues the following Defendants in this action: (1) Judge David Stith; (2) Sheriff J.C. Hooper; (3) the Nueces County Jail; and (4) "the State of Texas DA."  (D.E. 1, p. 1).   The undersigned construes Plaintiff's claims against "the State of Texas DA" as claims against Nueces County Assistant District Attorney Luis Reyes.  (D.E. 28, p. 5).

Plaintiff alleges the following facts in his original complaint:

- Plaintiff was initially arrested in Nueces County and was alleged to have violated his terms of probation in a motion to revoke probation (Case No. 21-FC-1523G).  The allegation in the motion to revoke his probation was assaulting a family member, a third degree felony.

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  *See* 28 U.S.C. § 1915(g).

2 / 14

- On September 14, 2023, the Court found the probation violation to be true, Plaintiff's probation was revoked, and Judge Stith sentenced him to twenty years in prison.

- Plaintiff has served six months of his twenty-year sentence and is in the process of appealing his conviction and sentence.

- On October 19, 2023, Plaintiff was indicted in Case No. 23-FC-3935H – aggravated assault causing serious bodily injury – arising from the same criminal incident that the motion to revoke probation involved.

- Plaintiff's aggravated assault charge is presently pending.

- The alleged victim in Plaintiff's criminal cases works for the Nueces County Jail, the same governmental entity that employs the county district attorney, Judge Stith, and Sheriff Hooper.

(D.E. 1, pp. 2-3). Plaintiff claims that: (1) his 20-year sentence in the 21-FC-1523G case is illegal: (2) the charge in 23-FC-3935H is a violation of the Double Jeopardy Clause; and (3) Defendants deliberately and intentionally caused events to happen in violation of his constitutional rights. *Id.* at 3-4. Plaintiff seeks monetary relief. *Id.* at 5.

At the Court's direction, Plaintiff has filed a More Definite Statement in which he alleges the following pertinent facts. (D.E. 28). Judge David Stith was the presiding judge in Case No. 21-FC-1523G. (*Id.* at 1). Plaintiff states that his 20-year sentence in this criminal proceeding is illegal because: (1) such a sentence is only reserved for first or second degree felonies; (2) defense witnesses forgot "facts that would [have been] been beneficial to" Plaintiff; (3) other witnesses for Plaintiff became unavailable to testify; (4) his trial counsel rendered ineffective assistance of counsel; and (5) "the charges were not brought to indictment until after 90 days." (*Id.* at 2).

Plaintiff's direct appeal from this conviction and sentence remains pending. (*Id.*). Plaintiff further indicates that he has filed a state habeas petition challenging his conviction in Case No. 21-FC-1523G and that this petition also is pending. (*Id.*).

Regarding his aggravated assault charge in Case No. 23-FC-3935H, Plaintiff indicates that he was not responsible for assaulting family member Kassandra Gonzalez, who was "beat up at a bus stop." (*Id.* at 3). Plaintiff believes the victim was attacked over a failed drug deal. (*Id.*). Plaintiff states that Case No. 23-FC-3935H was pending at the time he submitted his More Definite Statement. (*Id.*).

Plaintiff claims that Judge Stith violated his: (1) Eighth Amendment rights by imposing an excessive punishment, a twenty-year sentence in Case No. 21-FC-1523G; and (2) Fourteenth and Sixteenth Amendment rights through the "States delay in effect of this illegal sentence because defense witnesses as remain may have forgotten facts that would be beneficial to" Plaintiff." (*Id.* at 4). Plaintiff seeks monetary relief as well as dismissal of his criminal proceedings. (*Id.*).

Plaintiff claims that Assistant District Attorney Luis Reyes: (1) committed misconduct during the trial by pressing "3-old [sic] restraining orders on" Plaintiff; (2) violated his Eighth Amendment rights in connection with his excessive punishment; (2) acted with bias and retaliatory intent in connection with the "illegal sentencing" and "wrongful conviction." (*Id.* at 4-5). Plaintiff seeks monetary relief against the Assistant District Attorney Reyes as well as the dismissal of his criminal proceeding. (*Id.*).

Plaintiff claims that Sheriff Hooper acted with bias and retaliation against him by having him tried in the same county where Kassandra Gonzalez worked "just last year." (*Id.* at 5). As a result, Plaintiff believes the criminal proceedings in Case No. 21-FC-1523G and Case No. 23-FC-3935H were tainted and compromised. (*Id.*). Plaintiff also claims that Sheriff Hooper's actions violated his Eighth Amendment rights in connection with his illegal 20-year sentence. (*Id.*). Plaintiff seeks monetary relief against Sheriff Hooper. (*Id.*).

In a separate Order, the undersigned has severed Plaintiff's double jeopardy claim and opened a new federal habeas corpus action. The undersigned now turns to consider whether any of Plaintiff's claims raised in this § 1983 action should survive initial screening.

## III. GOVERNING LAW

### A. Legal Standard for Screening of Plaintiff's Action

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v.*

*Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Pleadings filed by *pro se* litigants like Plaintiff are construed using a less stringent standard of review.  Documents filed by *pro se* litigants are to be liberally construed, and *pro se* complaints, however inartfully drafted they might be, are held to less stringent standards than formal pleadings drafted by lawyers. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A plaintiff's well-pleaded factual allegations in the complaint are to be taken as true for purposes of screening, but such deference does not extend to conclusory allegations, unwarranted factual inferences, or legal conclusions. *DeMarco v. Davis*, 914 F.3d 383, 386-87 (5th Cir. 2019).

### B.  Relevant law regarding 42 U.S.C. § 1983

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties.  *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

### IV.   DISCUSSION

### A.  Nueces County Jail

Plaintiff lists the Nueces County Jail as a defendant in this case. This entity, however, is not capable of being sued. *Rogers v. Nueces County Jail*, No. C-07-410, 2007 WL 4367814, at *4 (S.D. Tex. Dec. 13, 2007) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991)). Accordingly, the undersigned respectfully recommends that Plaintiff's claims against the Nueces County Jail be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### B. Claims Challenging His Illegal Sentence in Case No. 21-FC-1523G

Plaintiff attacks the validity of his Nueces County conviction and 20-year sentence in Case No. 21-FC-1523G in a variety of ways. Plaintiff specifically claims that:

- Judge Stith violated Plaintiff's Eighth Amendment rights by imposing a sentence reserved only for first or second degree felonies.

- Judge Stith violated Plaintiff's Fourteenth and Sixteenth Amendment rights through the "State's delay," causing unspecified defense witnesses to forget facts beneficial to Plaintiff.

- Assistant District Attorney Reyes committed misconduct during the trial by pressing "3-old [sic] restraining orders on" Plaintiff, violated Plaintiff's Eighth Amendment rights in connection with his excessive punishment, and acted with bias and retaliatory intent in connection with the "illegal sentencing" and "wrongful conviction."

- Sheriff Hooper acted with bias and retaliation against him by having him tried in the same county where Kassandra Gonzalez had worked.

- Sheriff Hooper violated his Eighth Amendment rights in connection with his 20-year illegal sentence.

- Plaintiff's trial counsel rendered ineffective assistance of counsel.

- The charge was not brought to indictment in a timely fashion.

(D.E. 14, pp. 2-5). As such, Plaintiff's claims are subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

> In *Heck*, the Supreme Court held:
>
> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. Plaintiff alleges he is seeking monetary damages. However, to the extent he may also be seeking non-monetary damages, the *Heck* rule also applies where a plaintiff seeks injunctive or declaratory relief, which, if granted, would necessarily imply that a conviction is invalid. *See Mann v. Denton Cnty., Tex.*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009).

Plaintiff's allegations challenge the integrity of the criminal judicial proceedings in Case No. 21-FC-1523G and the actions of the individual defendants taken in connection with his prosecution and trial. Plaintiff acknowledges that both his conviction and sentence in Case No. 21-FC-1523G have not been overturned. A ruling here in Plaintiff's favor as to any of these claims related to Case No. 21-FC-1523G "would necessarily imply the invalidity of" that underlying criminal conviction. *Heck*, 512 U.S. at 487. Since no court has reversed or otherwise invalidated Plaintiff's conviction and sentence in Case No. 21-

FC-1523G, Plaintiff's claims seeking relief are barred by *Heck* until this conviction or sentence is overturned.[2] *Id.*

Accordingly, the undersigned recommends that Plaintiff's claims against Judge Stith, Nueces County Assistant District Attorney Reyes, and Sheriff Hooper, in connection with Case No. 21-FC-1523G, be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.[3]

### C. Judicial and Prosecutorial Immunity

In addition to being barred by the principles in *Heck*, Plaintiff's claims against Judge Stith and Nueces County Assistant District Attorney Reyes are also subject to dismissal based on the doctrines of judicial and prosecutorial immunity. "Judges enjoy absolute judicial immunity for judicial acts performed in judicial proceedings." *Hobbs v. United States*, 73 F. App'x 54, 55 (5th Cir. 2003) (per curiam) (citing *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996)); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions."). Section 1983 also provides absolute judicial immunity to judicial officers against claims for injunctive relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such

---

[2] To the extent that Plaintiff claims he was wrongfully convicted in Case No. 21-FC-1523G and seeks reversal of the conviction and release from prison, such claims may only be raised in a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 after the exhaustion of state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Plaintiff acknowledges that he has not exhausted his available state remedies with regard to challenging his conviction and sentence in Case No. 21-FC-1523G. (D.E. 1, p. 2; D.E. 28, p. 2).

[3] The Fifth Circuit has held that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). Thus, the doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"A prosecutor enjoys absolute immunity when her actions are 'intimately associated with the judicial phase of the criminal process.'" *Loupe v. O'Bannon*, 824 F.3d 534, 538 (5th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, (1976)). Prosecutorial immunity protects prosecutors from all liability for their actions in connection with their official functions in the judicial phase of criminal proceedings even when they act maliciously, wantonly, or negligently. *Morgan v. Chapman*, 969 F.3d 238, 244 (5th Cir. 2020) (citing *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987))

Plaintiff's claims against Judge Stith all involve actions and decisions he made as a judicial officer presiding over Plaintiff's criminal cases. All of Plaintiff's claims against Assistant District Attorney Reyes involve his actions in the course and scope of his employment as a prosecutor in the criminal proceedings involving Plaintiff. None of Plaintiff's allegations against Judge Stith or Assistant District Attorney Reyes involve conduct outside their respective judicial or prosecutorial roles. Plaintiff's claims against Judge Stith are subject to dismissal as barred by the doctrine of judicial immunity, while Plaintiff's claims against Nueces County Assistant District Attorney Reyes are subject to dismissal as barred by the doctrine of prosecutorial immunity.

### D. Remaining Claims against Sheriff Hooper

Liberally construed, Plaintiff appears to bring additional constitutional claims against Sheriff Hooper in connection with his role in Case No. 23-FC-3935H. Plaintiff claims that Sheriff Hooper acted with bias and retaliation against him by having him tried twice in the same county where Kassandra Gonzalez had worked; and (2) as a result, his actions tainted and compromised Case No. 23-FC-3935H. (D.E. 28, p. 5). The undersigned construes these allegations as raising claims of malicious prosecution against Sheriff Hooper under the Fourth Amendment.

A claim for malicious prosecution under the Fourth Amendment "does not accrue until the prosecution ends in the plaintiff's favor." *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) (internal quotation marks and citation omitted); *see also Thompson v. Clark*, 596 U.S. 36, 49 (2022) (holding that, to demonstrate a "favorable termination" of a criminal prosecution for purposes of a malicious prosecution claim, a plaintiff "need only show that the criminal prosecution ended without a conviction"). Because the criminal charge in Case No. 23-FC-3935H remains pending against him, Plaintiff cannot state a claim for malicious prosecution at this time. *See Burke v. Becerra*, No. H-22-3329, 2023 WL 2774464, at *4 (S.D. Tex. Apr. 4, 2023) (Lake, J.).

### V. RECOMMENDATION

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned respectfully recommends that:

- Plaintiff's Fourth Amendment malicious prosecution claims against Sheriff Hooper be **DISMISSED without prejudice**;

- Plaintiff's various claims against Judge Stith, Assistant District Attorney Reyes, and Sheriff Hooper – in connection with challenging the validity of his conviction and 20-year sentence in Case No. 21-FC-1523G – be **DISMISSED with prejudice** as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*; and

- Plaintiff's remaining claims against Defendants be **DISMISSED with prejudice** as frivolous, for failure to state a claim for relief, or on immunity grounds.

The undersigned recommends further that this dismissal **COUNTS** as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on February 8, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).